**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Michael Wayne NORTHCUTT,**
**Defendant—Appellant.**

**No. 06–50273.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 11, 2007.*

Filed July 13, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., Rodrigo A. Castro–Silva, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

James M. Crawford, Esq., Orange, CA, for Defendant–Appellant.

Michael Wayne Northcutt, Florence, CO, pro se.

Before: SILVERMAN, W. FLETCHER, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Michael Wayne Northcutt raises three issues on appeal. We affirm.

First, the district court denied Northcutt's motion to suppress his statement. Northcutt had told a prison official that his cellmate did not know that Northcutt possessed a knife in their cell. Northcutt argues that his statement was elicited in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Taking Northcutt's version of the facts as true, we agree with the district court that the officer's question, asked as Northcutt was being returned to his cell, was not "interrogation" within the meaning of *Miranda*. 384 U.S. at 478, 86 S.Ct. 1602; *see also United States v. Foster*, 227 F.3d 1096, 1102 (9th Cir.2000) (stating that "not all direct questions constitute interrogation"). Moreover, even if admission of the statement was erroneous, the error was harmless beyond a reasonable doubt. *See Chapman v. California*, 386 U.S. 18,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Several prison guards saw Northcutt chasing the stabbing victim with a knife, the incident was recorded on videotape, and prison guards recovered the knife from Northcutt after the incident. *See United States v. Butler,* 249 F.3d 1094, 1101 (9th Cir.2001) (finding erroneous admission of statements harmless because evidence of guilt was "overwhelming").

 Second, the district court ordered Northcutt to be shackled by his feet during his trial. The district court's order included instructions that prevented the jury from being able to see the shackles and restricted the movement of the prosecutor in the courtroom to match Northcutt's restrictions of standing at the podium. The district court enjoys " 'wide discretion to decide' " whether a defendant should be shackled when the requisite criteria are met. *See United States v. Fernandez,* 388 F.3d 1199, 1245 (9th Cir.2004) (citation omitted); *see also United States v. Baker,* 10 F.3d 1374, 1401 (9th Cir.1993) (describing two-step process before defendant may be shackled), *overruled on other grounds by United States v. Nordby,* 225 F.3d 1053, 1059 (9th Cir.2000). Those criteria were met in this case. The district court's decision regarding whether the circumstances at issue warrant shackling is not limited to examining a defendant's behavior in court. *See Jones v. Meyer,* 899 F.2d 883, 885 n. 2 (9th Cir.1990). This court has held that an assault while in custody is relevant in determining whether there are "compelling circumstances" to shackle a defendant at trial. *See Duckett v. Godinez,* 67 F.3d 734, 749 (9th Cir.1995). We therefore conclude that, under the circumstances of this case, the district court did not abuse its discretion in ordering the shackling. *See Fernandez,* 388 F.3d at 1245.

 Third, Northcutt argues that the district court erred by failing to instruct the jury on self-defense. A defendant is entitled to have the court instruct the jury on his theory of defense when it is supported by the law and "there is evidence upon which the jury could rationally find for the defendant." *United States v. Morton,* 999 F.2d 435, 437 (9th Cir.1993). Northcutt had abrasions on the knuckles of his right hand. Prison guards had observed Northcutt lunging at the stabbing victim with the knife in his right hand and striking, with the knife, the garbage can that the victim was holding in front of him. The abrasions are the "mere scintilla" of evidence this court has held to be insufficient to warrant a self defense instruction. *See id.* No other evidence supports a self-defense instruction. We affirm the district court's decision to not instruct the jury on self-defense. *See United States v. Sanchez–Lima,* 161 F.3d 545, 549 (9th Cir. 1998).

AFFIRMED.